The counsel for the plaintiff were about to proceed in reply, but were stopped by

The, Court.

They observed, that although the jury might have taken upon them the knowledge of the law, and distinguished in their verdict on which of the counts in the declaration they found the defendant guilty of slander, yet they appear to have taken a safer course, by finding a general verdict, which is sufficient in law, if any one of the counts in the declaration is good. They compared it to an indictment which contained a number of counts, some good, others irrelevant; a general verdict or finding will support the good ones. So in pleadings in civil suits or actions, where there are various counts in a declaration, if any one of them S00c^ a general verdict will support that count. And indeed it was for this very reason that the law allows a man to insert as many counts In his declaration as he pleases, in order that if one or more fail, the others may bear him out, if the evidence is sufficient to support such count or counts. On this ground, therefore, the court saw no reason to arrest this judgment.
*207 With respect to the motion for a new trial, the damages did not, upon due consideration, appear to be so outrageous as defendant represented. The parties were both merchants in this city, and depended much upon their credit, both at home and abroad, for their prosperity and success in life. Any thing, therefore, which went to destroy either the credit or reputation of such a man, was an evil of a very serious nature. Swindling, mentioned in the second count, is a crimen falsi, an offence which, if true, would render a man infamous. Theft, mentioned in the third count, is a febny, which, when committed under some circumstances, would affect a man’s life; and saying of a merchant that he is a bankrupt, or words to that effect; that his bills were protested, or that he was unworthy of credit, mentioned in the last count, has a tendency to ruin the reputation of a mercantile man. All these injuries appear to have been offered or committed against the plaintiff in this action by the defendant. Shall this court, therefore, take upon themselves to say, that 3,000 dollars for such gross slanders were unreasonable or outrageous damages ? They have no such power. It was for the jury to determine upon that point, and they have done so. The court, therefore, sees no ground to order a new trial on that account. As to the evidence offered by Mr. Tunno, of the contents of a mercantile letter in the way of trade, it is every day’s practice to allow it, and without it commerce could not be carried on, or good faith supported or maintained with merchants abroad, and the letter in question appears to have been one of that kind.
The rule for new trial was discharged.
Present, Burke, Grimke, Waties and Bay.